UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E. FRANK GRISWOLD, III,

    Plaintiff,

-vs-                                                                     Case No. 8:08-cv-2066-T-24-MAP

COUNTY OF HILLSBOROUGH, FLORIDA
GOVERNMENT, et al.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant David Michael Carr's motion to dismiss the claims against him (Doc. 4). Plaintiff opposes this motion. (Doc. 13).

**INTRODUCTION**

In his three-count Complaint, Plaintiff brings claims (1) under §§ 1983 and 1988 of the Civil Rights Act of 1964 for alleged violations of Plaintiff's rights under the Veterans' Benefit Act of 2003; (2) for tortious interference with Plaintiff's prospective business contracts; and (3) for punitive damages based on the aforementioned conduct. Defendant Carr moves to dismiss on the grounds of (1) res judicata, (2) lack of standing, and (3) failure to state a claim. (Doc. 4.)

**STANDARD OF REVIEW**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## BACKGROUND

Plaintiff is a veteran disabled due to his military service. (Compl. ¶ 10.) He owns small businesses Med Evac, Inc. and Med Evac, LLC, which provide emergency medical transport services. With the Veteran's Benefit Act of 2003, Congress created contract preferences, including quotas for the award of contracts with certain governmental entities, for businesses owned by veterans who are disabled due to military service. Plaintiff's Med Evac businesses were competing for some of the preference contracts. Plaintiff alleges that Defendants wrongfully denied or caused to be denied the award of those contracts to Plaintiff's businesses, contracts to which Plaintiff believes he was entitled. (Compl., pp. 11–14.)

Plaintiff claims that he was the only service-disabled veteran in the state of Florida registered and able to provide the services associated with the government contracts for which he

was competing. (Compl. ¶ 13.) Therefore, Plaintiff continues, he was statutorily entitled to the contracts, based on the government's quota system. (Id. at 11–14.) Plaintiff alleges that he had already qualified for and negotiated several contracts with veterans' healthcare facilities (id. ¶ 15), which were conditioned on the approval of Plaintiff's Advance Life Support Certificate of Public Convenience and Necessity ("ALS COPCN") applications. (id. ¶ 18). Plaintiff suggests that, had Defendant not wrongfully interfered in the ALS COPCN application-review process by writing a false letter and precipitating a moratorium on all application reviews, the contracts would have been executed, resulting in gains of millions of dollars to Plaintiff. (Id. ¶ 23–24.)

Plaintiff alleges that Defendant Carr, individually and as a director, officer, and half-owner of several emergency medical service companies, violated Plaintiff's rights under the Veteran's Act of 2003 by writing a letter containing false information about Plaintiff to the Emergency Medical Planning Council ("EMPC") and others. (Id. ¶ 9.) Plaintiff claims this was an unlawful ex parte communication that delayed Plaintiff's ALS COPCN application approval, thereby preventing Plaintiff from securing the previously-negotiated, and other potential, contracts with the veterans' healthcare facilities (Compl., pp. 9, 14–16.)

In 2005, following the failure of Plaintiff's contracts, Plaintiff Griswold, Med Evac, Inc. and Med Evac, LLC sued Defendant Carr and others for conspiring to monopolize the ambulance business. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1. The complaint alleged antitrust violations and referred to "unlawful practices that have stifled and suppressed competition in the emergency medical services market" during the time in which Plaintiff's businesses were filing their ALS COCPN applications. (Id. at 4–5.) However, Plaintiff Carr was dismissed from this prior case in

his individual capacity pursuant to motions by the defendants, leaving Med Evac, Inc. and Med Evac, LLC as the sole plaintiffs to the suit. (Pl.'s Ex. 8) Plaintiff Griswold was "at all material times . . . President and sole shareholder" of the businesses. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1, p. 8. The trial proceeded to judgment in favor of all of the defendants. (Pl.'s Ex. 9.)

## DISCUSSION

"The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990). A claim is barred by prior litigation when: "(1) there [was] a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "[P]rivity exists . . . where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative." Armstrong v. City of Conyers, No. 04-11355, 2005 U.S. App. LEXIS 11691, at * 3 (11th Cir. June 17, 2005) (quotations and citations omitted). The same "cause of action" exists when both cases arise out of the same "operative nucleus of fact." Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984) (ruling that res judicata "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact") (citation and quotation omitted).

Defendant claims that the earlier case of Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al. bars the instant claims against him under res judicata.

The 2005 suit named Mr. Carr as a defendant in his individual capacity and also named companies in which Defendant Carr is an officer (in which capacity he is also presently being sued). Plaintiff claims that neither privity nor the same cause of action exist for the two cases.

### A. *Privity*

Plaintiff first counters Defendant's res judicata argument by noting that Plaintiff was dismissed from the previous suit in his individual capacity, leaving only Med Evac, Inc. and Med Evac, LLC as plaintiffs in the suit. (Compl., p. 12.). Plaintiff contends that the right to the government contracts belongs to him as an individual and are vested by his ownership in any company that he might create. (Doc. 13, pp. 7–8.) He claims that he might have established additional companies after securing the contracts with the veterans' healthcare organizations. (Compl., p. 12.) Thus, Plaintiff claims that his individual rights, which were not tried to a final judgment on the merits in the previous suit, are distinct from the rights of the Med Evac companies.

However, the Veteran's Act creates hiring quotas for *businesses* owned by disabled veterans. Plaintiff as an individual was not able to provide the services required in the contracts. Further, it was the Med Evac businesses, not Plaintiff himself or any business he may have later created, that had to receive approval of their ALS COPCN application in order to be considered under the federal preference regarding the disputed contracts. Thus, the Court finds that the rights that Plaintiff seeks to assert under the Veteran's Act of 2003 conflate with those of the Med Evac businesses, which were litigated in the previous suit. Accordingly, the Court finds that for the purpose of these cases Plaintiff is in privity with the Med Evac companies, because as the sole shareholder and President of the businesses, the Med Evac businesses were "so closely

aligned to [Plaintiff's] interest as to be his virtual representative" See Armstrong, 2005 U.S. App. LEXIS 11691 at * 3.

B. *Cause of Action*

Plaintiff next seeks to belie Defendant's res judicata argument by distinguishing the cause of action in the present case from that in its predecessor. However, although the 2005 case was brought as an anti-trust suit, the claims presented here "aris[e] out of the same operative nucleus of fact" as those in the previous case. See Olmstead, 725 F.2d at 632. The 2005 suit encompassed allegedly anti-competitive behavior preventing the Med Evac businesses from entering the emergency service industry. The case made specific reference to a wrongfully-initiated moratorium imposed after Defendant Carr's businesses submitted their ALS COPCN applications and claimed the moratorium was designed to delay the consideration of Plaintiff's applications by the EMPC. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1 ¶ 124; compare Compl., p. 17. The previous suit also addressed Defendant Carr's letter to the EMPC (a letter attached as Exhibit 15 in the present suit and as Plaintiff's Exhibit 24 in the prior suit) and alleged that it was written to negatively influence the EMPC's opinion regarding the Med Evac applications. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1 ¶ 160; compare Compl. ¶ 6(c).

Because Defendant's behavior[1] affecting Plaintiff's ALS COPCN application was the

---

[1] specifically, his actions regarding the letter written to the EMPC and precipitation of the review moratorium

subject of the previous suit, the Court finds that the present claims "aris[e] out of the same operative nucleus of fact" as the suit brought in 2005. Thus, the two cases share the same cause of action. See Olmstead, 725 F.2d at 632.

There is no dispute that the court presiding over the 2005 suit was one of competent jurisdiction. Plaintiff here is, as discussed above, in privity with the previous plaintiffs, the cases share the same cause of action, and the claims in the previous case reached a final judgment on the merits. Therefore, the Court finds that Plaintiff's claims against Defendant Carr are barred by the doctrine of res judicata.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion to dismiss the claims against him (Doc. 4) is GRANTED. The Clerk is directed to terminate Defendant Carr as a party to this case.

DONE AND ORDERED this 16th day of December, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record