# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

E. FRANK GRISWOLD, III,

    Plaintiff,

-vs-                                                                     Case No. 8:08-cv-2066-T-24-MAP

COUNTY OF HILLSBOROUGH, FLORIDA
GOVERNMENT, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant David Michael Carr's motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c) (Doc. 24). Plaintiff opposes this motion. (Doc. 29).

## INTRODUCTION

In his three-count Complaint, Plaintiff brought claims (1) under §§ 1983 and 1988 of the Civil Rights Act of 1964 for alleged violations of Plaintiff's rights under the Veterans' Benefit Act of 2003; (2) for tortious interference with Plaintiff's prospective business contracts; and (3) for punitive damages based on the aforementioned conduct. Mr. Carr moved to dismiss on the grounds of (1) res judicata, (2) lack of standing, and (3) failure to state a claim. (Doc. 4.) The Court dismissed the case against Mr. Carr pursuant to the doctrine of res judicata. (Doc. 19.) Mr. Carr then moved for Rule 11 sanctions against Plaintiff on the grounds that Plaintiff and his attorney should have, after performing due diligence, known that the claims against Mr. Carr were frivolous and without merit. (Doc. 24.) Mr. Carr also requests oral argument as to the issue and a hearing on the amount of sanctions to be imposed. (Id.)

## STANDARD OF REVIEW

Rule 11(b) states:

[A]n attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
. . .
    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

Rule 11(c) allows the Court at its discretion to impose appropriate sanctions on those it finds to have violated Rule 11(b).

## BACKGROUND

Plaintiff is a veteran disabled due to his military service. (Compl. ¶ 10.) He owns small businesses Med Evac, Inc. and Med Evac, LLC, which provide emergency medical transport services. With the Veteran's Benefit Act of 2003, Congress created contract preferences, including quotas for the award of contracts with certain governmental entities, for businesses owned by veterans who are disabled due to military service. Plaintiff's Med Evac businesses were competing for some of the preference contracts. Plaintiff alleged that Mr. Carr wrongfully caused to be denied the award of those contracts to Plaintiff's businesses, contracts to which Plaintiff believes he was entitled. (Compl., pp. 11–14.)

Plaintiff claims that he was the only service-disabled veteran in the state of Florida registered and able to provide the services associated with the government contracts for which he was competing. (Compl. ¶ 13.) Therefore, Plaintiff continues, he was statutorily entitled to the

contracts, based on the government's quota system. (Id. at 11–14.) Plaintiff alleges that he had already qualified for and negotiated several contracts with veterans' healthcare facilities (id. ¶ 15), which were conditioned on the approval of Plaintiff's Advance Life Support Certificate of Public Convenience and Necessity ("ALS COPCN") applications. (Id. ¶ 18). Plaintiff suggests that, had Mr. Carr not wrongfully interfered in the ALS COPCN application-review process by writing a false letter and precipitating a moratorium on all application reviews, the contracts would have been executed, resulting in gains of millions of dollars to Plaintiff. (Id. ¶ 23–24.)

Plaintiff alleges that Mr. Carr, individually and as a director, officer, and half-owner of several emergency medical service companies, violated Plaintiff's rights under the Veteran's Benefit Act of 2003 and tortiously interfered with his contracts by writing a letter containing false information about Plaintiff to the Emergency Medical Planning Council ("EMPC") and others. (Id. ¶ 9.) Plaintiff claims this was an unlawful ex parte communication that delayed Plaintiff's ALS COPCN application approval, thereby preventing Plaintiff from securing the previously-negotiated, and other potential, contracts with the veterans' healthcare facilities (Compl., pp. 9, 14–16.)

In 2005, following the failure of Plaintiff's contract bids, Plaintiff Griswold, Med Evac, Inc. and Med Evac, LLC sued Defendant Carr and others for conspiring to monopolize the ambulance business. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1. The complaint alleged antitrust violations and referred to "unlawful practices that have stifled and suppressed competition in the emergency medical services market" during the time in which Plaintiff's businesses were filing their ALS COCPN applications. (Id. at 4–5.) However, Plaintiff Griswold was dismissed from this prior

3

case in his individual capacity pursuant to motions by the defendants, leaving Med Evac, Inc. and Med Evac, LLC as the sole plaintiffs to the suit. (Pl.'s Ex. 8) Plaintiff Griswold was "at all material times . . . President and sole shareholder" of the businesses. Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP; Doc. 1, p. 8. Judgment was eventually rendered in favor of all of the defendants. (Pl.'s Ex. 9.) Plaintiff later filed the present suit in his individual capacity.

This Court did not reach the merits of the present case when it dismissed the claims against Mr. Carr. Rather, the Court dismissed the case against Mr. Carr pursuant to the doctrine of res judicata, finding that, 1) for the purpose of the present suit, Plaintiff Griswold was in privity with the businesses, Med Evac, Inc. and Med Evac, LLC, who were the previous plaintiffs and 2) Plaintiff Griswold's businesses had previously sued Mr. Carr for claims arising out of the same nucleus of operative fact – the failure of Plaintiff to receive a government contract. (Doc. 19.) Therefore, the Court found that it would be a forbidden "second bite of the apple" to allow Plaintiff to re-litigate the issue and dismissed on res judicata grounds. (Id.)

## DISCUSSION

Although the Court dismissed Plaintiff's claims against Defendant Carr pursuant to the doctrine of res judicata, the Court is not prepared to find the filing of the lawsuit sanctionable. Although this Court found privity between the plaintiff in this case and in Med Evac, Inc, the plaintiffs in the two cases were not identical. In addition, Plaintiff Griswold advanced a theory in this case, albeit unsuccessfully, as to why his claims might be considered separately from those of his businesses, the previous plaintiffs. In addition, although the Court adjudged that the claims in this case arose out of the same nucleus of operative fact as those in the prior case, thus

4

giving rise to res judicata, it was not frivolous for Plaintiff to believe that an anti-trust suit brought by his businesses was distinct from civil rights and contract claims brought by him in his individual capacity.

After the filing of the present suit, Defendant Carr sent Plaintiff Griswold a letter insisting that the suit was frivolous and that the failure to dismiss the claims against Defendant Carr would result in Defendant's motion for Rule 11 sanctions. Defendant Carr has been true to his word. However, in order to demonstrate the unreasonableness of Plaintiff's claims, Mr. Carr now invites the Court to do what he previously asked the Court to decline: litigate the merits of Plaintiff's case against him. The Court declines the invitation and merely notes that Mr. Carr has not proven that Plaintiff's contentions could not possibly be reasonably supported by the evidence.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion for sanctions, oral argument, and a hearing (Doc. 24) is DENIED.

DONE AND ORDERED this 30th day of January, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record