<pre>
                            UNITED STATES DISTRICT COURT
                             MIDDLE DISTRICT OF FLORIDA
                                   TAMPA DIVISION
</pre>

E. FRANK GRISWOLD, III,

    Plaintiff,

-vs-                                                      Case No. 8:08-cv-2066-T-24-MAP

COUNTY OF HILLSBOROUGH, FLORIDA
GOVERNMENT, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant David Michael Carr's motion for attorneys' fees and costs pursuant to his successful motion to dismiss. (Doc. 25.) Defendant also seeks an evidentiary hearing to determine the award, should his motion be granted. (Id.) Plaintiff opposes this motion. (Doc. 28).

## STANDARD OF REVIEW

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs shall be allowed as of course to a prevailing party unless the court directs otherwise. Title 42 U.S.C. § 1988 provides that a "court, in its discretion, may allow the prevailing party [in a § 1983 case], other than the United States, a reasonable attorney's fee as part of the costs." However, while the presumption is in favor of granting attorneys' fees to prevailing plaintiffs in 42 U.S.C. § 1983 cases, prevailing defendants should be awarded attorneys' fees "only when the court finds that the plaintiff's claim was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Head v. Medford, 62 F. 3d 351, 255 (11th Cir. 1995) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

**BACKGROUND**

In his three-count Complaint, Plaintiff brought claims (1) under 42 U.S.C. §§ 1983 and 1988 of the Civil Rights Act of 1964 for alleged violations of Plaintiff's rights under the Veterans' Benefit Act of 2003; (2) for tortious interference with Plaintiff's prospective business contracts; and (3) for punitive damages based on the aforementioned conduct. The Court dismissed the case against Mr. Carr *without reaching the merits of the claims*, based on the doctrine of res judicata. (Doc. 19.) Mr. Carr then moved for Rule 11 sanctions against Plaintiff on the grounds that Plaintiff and his attorney should have, after performing due diligence, known that the claims against Mr. Carr were frivolous and without merit. (Doc. 24.) The Court denied Mr. Carr's motion, stating that Mr. Carr had not met his burden of proving that Plaintiff's contentions could not possibly have been supported by the evidence or the law. (Doc. 31.) Mr. Carr now requests attorney's fees under Federal Rule of Civil Procedure 11—the same Rule under which he moved for and was denied sanctions in his previous motion—and 42 U.S.C. § 1988, which allows district courts to award attorneys' fees to the prevailing parties in § 1983 cases.

**DISCUSSION**

As the Court has already ruled that Mr. Carr failed to meet his burden that Plaintiff's claims merited sanctions under Rule 11 (Doc. 31), the Court denies Mr. Carr's present motion without discussion, insofar as the motion is again based on Rule 11. As Mr. Carr did not provide the Court with any new evidence regarding Plaintiff's claim in the motion under consideration, for the reasons articulated in the previous order denying sanctions (see Doc. 31), the Court now finds that Mr. Carr has failed to demonstrate that Plaintiff's claim was frivolous, unreasonable,

or without foundation as required to award Mr. Carr attorneys' fees under § 1988.

Defendant, as the prevailing party in this action, is entitled to recover its costs. <u>Head v. Medford</u>, 62 F.3d 351, 354-55 (11th Cir. 1995). However, because Mr. Carr did not submit an itemized (or even compiled) statement of the costs he requests, the Court denies his motion for costs without prejudice and directs him to re-file the motion for costs with the required documentation.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that:

- Defendant's motion for attorneys' fees is DENIED;

- Defendant's motion for costs is DENIED WITHOUT PREJUDICE. Defendant is directed to re-file his motion for costs along with an itemized statement of the costs he requests on or before February 11, 2009; and

- Defendant's request for an evidentiary hearing to determine any fees and costs awarded pursuant to this motion is DENIED.

DONE AND ORDERED this 5th day of February, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

3