UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E. FRANK GRISWOLD, III,

    Plaintiff,

-vs-                                                       Case No. 8:08-cv-2066-T-24-MAP

COUNTY OF HILLSBOROUGH, FLORIDA
GOVERNMENT and HILLSBOROUGH
COUNTY PUBLIC TRANSPORTATION
COMMISSION,

    Defendants.
_____/

## ORDER

This cause comes before the Court on the motions to dismiss filed by Defendants County of Hillsborough, Florida Government ("County") (Doc. 26) and Hillsborough County Public Transportation Commission ("Commission") (Doc. 27). Plaintiff opposes the motions. (Docs. 30, 32.)

## INTRODUCTION

In his three-count Complaint, Plaintiff brings claims (1) under §§ 1983 and 1988 of the Civil Rights Act of 1964 for alleged violations of Plaintiff's rights under the Veterans' Benefit Act of 2003; (2) for tortious interference with Plaintiff's prospective business contracts; and (3) for punitive damages based on the aforementioned conduct. Defendants County and Commission move to dismiss the complaint because the claims are barred by res judicata and because, as to certain counts, Plaintiff fails to properly state a claim on which relief can be granted.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## BACKGROUND

Plaintiff is a veteran disabled due to his military service. He owns small businesses Med Evac, Inc. and Med Evac, LLC, which provide emergency medical transport services. With the Veteran's Benefit Act of 2003, Congress created contract preferences, including quotas for the award of contracts with certain governmental entities, for businesses owned by veterans who are

disabled due to military service. Plaintiff's Med Evac businesses were competing for some of the preference contracts. Plaintiff alleges that Defendants wrongfully denied or caused to be denied the award of those contracts to Plaintiff's businesses, contracts to which Plaintiff believes he was entitled.

Plaintiff claims that he was the only service-disabled veteran in the state of Florida who was properly registered and able to provide the services associated with the government contracts for which he was competing. (Am. Compl. ¶ 13.) Therefore, Plaintiff continues, he was statutorily entitled to the contracts, based on the government's quota system. (Id. at 11–14.) Plaintiff alleges that, based on the contract preferences, he had already qualified for and negotiated several contracts with veterans' healthcare facilities (id. ¶ 15), which were conditioned on the approval of Plaintiff's Advance Life Support Certificate of Public Convenience and Necessity ("ALS COPCN") applications. (Id. ¶ 18). Plaintiff suggests that, had Defendants properly considered his applications, the contracts would have been executed, resulting in gains of millions of dollars to Plaintiff. (Id. ¶¶ 17, 19–24.)

In the present case, Plaintiff alleges that Defendants unlawfully placed a moratorium on his ALS COPCN applications, unlawfully considered information gained by ex parte communication via letter with Plaintiff's competitor, David Carr, when determining Plaintiff's eligibility for the certificates, and arbitrarily limited Plaintiff's certificates to six months. (Id. ¶ 17.) Plaintiff claims that the delays associated with this behavior prevented Plaintiff from securing the previously-negotiated, and other potential, contracts with the veterans' healthcare facilities. (Id. ¶¶ 18–24.) In addition, Plaintiff alleges that Defendants misrepresented the way the ambulance service rotation would work and wrongfully routed a disproportionate number of

3

calls from indigents to Plaintiff.  (Id. ¶ 21.)  Plaintiff claims that this, along with Defendants other wrongful behavior, contributed to Plaintiff's businesses' eventual bankruptcy. (Id. ¶¶ 22, 23.)

In 2005, following the failure of Plaintiff's contract bids, Plaintiff Griswold and his comapnies, Med Evac, Inc. and Med Evac, LLC, sued Defendant County and the then-Executive Director of Defendant Commission, Gregory Cox—both in his individual and official capacities—as well as others, for conspiring to monopolize the ambulance business.  Med Evac, Inc. and Med Evac, LLC v. Americare Ambulance Services, Inc. et al., 8:05-cv-740-T-26-MAP ("Case1"); Doc. 1.  The complaint alleged antitrust violations and referred to "unlawful practices that have stifled and suppressed competition in the emergency medical services market" during the time in which Plaintiff's businesses were filing their ALS COCPN applications. Id. at 4–5.  The claims were supported by allegations that then-Commission Director Cox misrepresented the ambulance rotation plan, directing disproportionate numbers of calls involving the indigent and homeless to Plaintiff's businesses.  (Id. ¶¶ 76–83, 105).  Plaintiff also specifically alleged a wrongful moratorium on ALS COPCN applications (Id. ¶¶ 146, 147), and wrongful communication with Plaintiff's competitor, Mr. Carr.  (Id. ¶ 160; note that the allegedly-offending letter is attached as Exhibit 15 in the present suit and was Plaintiff's Exhibit 24 in the prior suit.)

Plaintiff Griswold was dismissed from this prior case in his individual capacity pursuant to motions by the defendants, leaving Med Evac, Inc. and Med Evac, LLC as the sole plaintiffs to the suit.  (Pl.'s Ex. 8)  Plaintiff Griswold was "at all material times . . . President and sole shareholder" of the businesses.  Case1; Doc. 1, p. 8.  Summary Judgment was eventually granted

4

in favor of Defendant County and Commissioner Director Cox (Id., Docs. 307, 334), as well as all other Defendants to the case. Plaintiff later filed the present suit in his individual capacity.

## DISCUSSION

"The doctrine of res judicata, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990). A claim is barred by prior litigation when: "(1) there [is] a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "[P]rivity exists . . . where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative." Armstrong v. City of Conyers, No. 04-11355, 2005 U.S. App. LEXIS 11691, at * 3 (11th Cir. June 17, 2005) (quotations and citations omitted). The same "cause of action" exists when both cases arise out of the same "operative nucleus of fact." Olmstead v. Amoco Oil Co., 725 F.2d 627, 632 (11th Cir. 1984) (ruling that res judicata "extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact") (citation and quotation omitted).

Defendants claim that Case1 bars the instant claims against them under res judicata. Plaintiff claims that neither privity nor the same cause of action exist for the two cases.

A. *Privity*

This Court has already found that Plaintiff is, for the purposes of the present suit, in privity with his businesses, which acted as Plaintiffs previous suit. (Doc. 31.) Specifically the

5

Court held that, in this case, the disputed rights claimed and injuries inflicted were those of Plaintiff's companies, not Plaintiff as an individual and thus, "for the purpose of these cases Plaintiff is in privity with the Med Evac companies, because as the sole shareholder and President of the businesses, the Med Evac businesses were "so closely aligned to [Plaintiff's] interest as to be his virtual representative."(Id., pp. 5–6.)

As to Defendants, Defendant County was named as a defendant in Case1, and thus County is, without question, eligible to assert a res judicata argument. The Court now finds that Defendant Commission is sufficiently aligned with its then-Commissioner, Gregory Cox, who was named as a defendant in his official capacity as Commission Director in Case1, and whose actions as Director, in dealing with Plaintiff's businesses and applications, were cited as the impetus for both the previous and present case, so as to put Defendant Commission and Case1 Defendant Cox in privity for the purposes of this suit as well. As the Seventh Circuit succinctly stated in Connor v. Reinhard, 847 F.2d 384 (7th Cir. 1988), "a government and its officers are in privity for purposes of res judicata." Id. at 395.

B. *Cause of Action*

Plaintiff next seeks to belie Defendant's res judicata argument by distinguishing the cause of action in the present case from that in its predecessor. However, although the 2005 case was brought as an anti-trust suit, the claims presented here "aris[e] out of the same operative nucleus of fact" as those in the previous case. See Olmstead, 725 F.2d at 632. The 2005 suit encompassed allegedly anti-competitive behavior preventing the Med Evac businesses from entering the emergency service industry. The case made specific reference to a wrongfully-initiated moratorium that was imposed to delay the consideration of Plaintiff's ALS COPCN

6

applications by the EMPC. It addressed the allegedly improper ex parte communication between Defendants and Plaintiff's competitor, David Carr, which negatively affected Plaintiff's ALS COPCN application. The previous suit also included allegations of the wrongful diversion of disproportionate numbers of indigent clients to Plaintiff's businesses.

Because Defendants' actions affecting Plaintiff's ALS COPCN applications as well as the nature of the business directed to Plaintiff's ambulance services were the subject of the previous suit, the Court finds that the present claims "aris[e] out of the same operative nucleus of fact" as the suit brought in 2005. Thus, the two cases share the same cause of action. See Olmstead, 725 F.2d at 632.

There is no dispute that the court presiding over the 2005 suit was one of competent jurisdiction. Plaintiff and Defendants here are in privity with the previous parties, the cases share the same cause of action, and the claims in the previous case reached a final judgment on the merits. Therefore, the Court finds that Plaintiff's claims against Defendants County and Comission are barred by the doctrine of res judicata.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Defendants motions to dismiss the claims against them (Docs. 26, 27) are GRANTED. The Clerk is directed to enter judgment in favor of Defendants and to close the case.

DONE AND ORDERED this 7th day of April, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record